# BLUTHENTHAL v. JONES.

ERROR TO THE SUPREME COURT OF THE STATE OF FLORIDA.

No. 94. Submitted December 18, 1907.—Decided January 6, 1908.

Courts are not bound to search the records of other courts and give effect to their judgments, and one who relies upon a former adjudication in another court must properly present it to the court in which he seeks to enforce it.

While an adjudication in bankruptcy, refusing a discharge, finally determines for all time and in all courts, as between the parties and their privies, the facts upon which the refusal is based, it must be proved in a second proceeding brought by the bankrupt in another district, and of which the creditor has notice, in order to bar the bankrupt's discharge therefrom, if the debt is provable under the statute as amended at the time of the second proceeding although it may not have been such under the statute at the time of the first proceeding.

THE facts, which involve the effect of a discharge under the bankruptcy act of 1898 as amended by the act of February 5, 1903, are stated in the opinion.

*Mr. Benjamin Z. Phillips* and *Mr. John M. Slaton* for plaintiffs in error.

*Mr. Solon G. Wilson* for defendant in error.

MR. JUSTICE MOODY delivered the opinion of the court.

This is a writ of error to the Supreme Court of the State of Florida. The plaintiffs in error were judgment creditors of Miles C. Jones, the intestate of the defendant in error. The creditors sought to enforce the judgment by a levy of execution. The question in the case is whether Jones was discharged from the debt by a discharge in bankruptcy granted to him on November 7, 1903, by the District Court for the Southern District of Florida, on proceedings which were begun

on August 3, 1903.. The debt was one provable in the bankruptcy proceeding and, it is conceded, would be barred by the discharge were it not that there had been a prior proceeding in bankruptcy in another District Court, which, it is contended, had the effect of exempting the debt from the operation of the discharge.. In the year 1900 Jones filed his petition in bankruptcy in the District Court for the Southern District of Georgia. Bluthenthal & Bickart, the plaintiffs in error, objected to the discharge in that proceeding, and it was refused on December 3, 1900. Bluthenthal & Bickart, at the time of the first proceeding, were creditors of Jones in respect of what may be assumed, for the purposes of this case, to be the same indebtedness now in question. The ground of the refusal does not appear. It may be assumed to have been, however, one of the two grounds specified in § 14 of the bankruptcy act before it was amended by the act of February 5, 1903; that is to say, either that the bankrupt has committed an offense punishable by imprisonment or, with fraudulent intent and in contemplation of bankruptcy, destroyed, concealed or failed to keep books of accounts. Though Bluthenthal & Bickart were notified of the proceedings on the second petition in bankruptcy and their debt was scheduled, they did not prove their claim or participate in any way in those proceedings. They now claim that their debt was not affected by the discharge on account of the adjudication in the previous proceedings.

Section 1 of the bankruptcy act defines a discharge as "the release of a bankrupt from all of his debts which are provable in bankruptcy, except such as are excepted by this act." Section 14 of the amended act, which was applicable to the second proceedings, provides that after due hearing the court shall discharge the bankrupt, unless he has committed one of the six acts specified in that section. Section 17 of the amended act provides that a discharge in bankruptcy shall release a bankrupt from all of his provable debts, with four specified exceptions, which do not cover this case. The discharge ap-

pears to have been regularly granted, and as the debt due to Bluthenthal & Bickart is not one of the debts which, by the terms of the statute, are excepted from its operation, on the face of the statute the bankrupt was discharged from the debt due to them. There is no reason shown in this record why the discharge did not have the effect which it purported to have. Undoubtedly, as in all other judicial proceedings, an adjudication refusing a discharge in bankruptcy, finally determines, for all time and in all courts, as between those parties or privies to it, the facts upon which the refusal was based. But courts are not bound to search the records of other courts and give effect to their judgments. If there has been a conclusive adjudication of a subject in some other court, it is the duty of him who relies upon it to plead it or in some manner bring it to the attention of the court in which it is sought to be enforced. Plaintiffs in error failed to do this. When an application was made by the bankrupt in the District Court for the Southern District of Florida, the judge of that court was, by the terms of the statute, bound to grant it, unless upon investigation it appeared that the bankrupt had committed one of the six offenses which are specified in § 14 of the bankruptcy act as amended. An objecting creditor might have proved upon that application that the bankrupt had committed one of the acts which barred his discharge, either by the production of evidence or by showing that in a previous bankruptcy proceeding it had been conclusively adjudicated, as between him and the bankrupt, that the bankrupt had committed one of such offenses. If that adjudication had been proved it would have taken the place of other evidence and have been final upon the parties to it. But nothing of this kind took place. Bluthenthal & Bickart intentionally remained away from the court and allowed the discharge to be granted without objection.

Since the debt due to the plaintiffs in error was a debt provable in the proceedings before the District Court of Florida and was not one of the debts exempted by the statute from

the operation of the discharge, it was barred by that discharge. The Supreme Court of the State of Florida so held, and its judgment must be

*Affirmed.*