THE HENDRICK HUDSON. (Circuit Court of Appeals, Second Circuit. March 16, 1909.) No. 206. Appeal from the District Court of the United State for the Southern District of New York. Olcott, Gruber, Bonynge & McManus (Harrington Putman, of counsel), for appellant. Foley & Martin, for appellee. Before LACOMBE, COXE, and NOYES, Circuit Judges.

PER CURIAM. A majority of the court are of the opinion that there is not sufficient in the record to warrant a reversal of the decision of the District Court. 163 Fed. 862. Decree is affirmed, with interest and costs.

---

THE JOHN BOSSERT. (Circuit Court of Appeals, Second Circuit. February 16, 1909.) Nos. 162, 163. Appeals from the District Court of the United States for the Southern District of New York. For opinion below, see 148 Fed. 903. James J. Macklin and De Lagnel Berier, for appellants. Butler, Notman & Mynderse, for appellee Eddy Lake Cypress Co. Horace L. Cheyney, for appellee Insurance Co. of North America. Hyland & Zabriskie, for appellee Bromwell. Before LACOMBE, COXE, and NOYES, Circuit Judges.

PER CURIAM. Decrees of District Court affirmed, with interest and costs.

---

In re KUFFLER (two cases). (Circuit Court of Appeals. Second Circuit. March 16, 1909.) Nos. 15, 22. Petition to Review Order of, and Appeal from, the District Court of the United States for the Eastern District of New York. For opinion below, see 155 Fed. 1018. Max J. Kohler and Saul S. Myers, for appellant. Page, Crawford & Tuska (Benjamin Tuska and Abraham Tulin, of counsel), for respondent. Before LACOMBE, COXE, and WARD, Circuit Judges.

PER CURIAM. The order of the bankruptcy court (Eastern district of New York) now sought to be reviewed is in the precise form which this court approved upon the former appeal. In re Kuffler, 151 Fed. 12, 80 C. C. A. 508. It is "limited to a stay of any application for a discharge from the debts scheduled in the former proceeding." We see no reason to modify our former decision. The debts due to Hinsdale, Smith & Co. and to Joseph Mayer's Sons were included in the former schedule, and did not become new and different debts because judgment has been entered upon them in the interim. Boynton v. Ball, 121 U. S. 465, 7 Sup. Ct. 981, 30 L. Ed. 985. The order of the District Court is affirmed.