## THE MATAWAN BANK, A BODY CORPORATE, PLAINTIFF, v. LEO FELDMAN AND HERMAN ELLIS METAL CORPORATION, DEFENDANTS.

Decided August 6, 1934.

For the plaintiff, *Heuser & Heuser*.

For the defendant Leo Feldman, *Giordano, Golden & Hurley*.

LAWRENCE, C. C. J. This suit was submitted to the court without a jury, by consent, at the Monmouth Circuit. The action is based on a promissory note, dated January 16th, 1931, for $2,750, made by the defendant metal corporation, endorsed by defendant Feldman, and payable three months after date. It appears that the amount was reduced by payments to $1,700, the last of which was made on September 29th, 1931. No answer was filed by the corporation to the suit, but defendant Feldman, in an answer filed denied liability as an endorser by reason of his discharge in bankruptcy in the United States District Court for the district of New Jersey, on August 17th, 1931, from all debts due and owing by him on April 27th, 1931, the date of the petition, and in which he scheduled, among his debts, the note in suit as a liability, and which had apparently fallen due on April 16th, 1931, and had not been renewed. Plaintiff's reply to this answer was that defendant could not plead the discharge of

August 17th, 1931, as a bar to the present suit, because he had been previously discharged in the same court on December 25th, 1927, and that since the second discharge was within six years of the first, it was void by virtue of section 14-B, item 5, of the Bankruptcy act, which reads as follows:

"The judge shall hear the application for a discharge and such proofs and pleas as may be made in opposition thereto by the trustee or other parties in interest, at such time as will give the trustee or parties in interest a reasonable opportunity to be fully heard; and investigate the merits of the application and discharge the appellant, unless he (5) has been granted a discharge in bankruptcy within six years."

Since the facts were admitted, the sole question argued at the trial of the present suit was whether defendant's second discharge, which was within six years of the first, could be collaterally attacked. It was conceded on the argument that where a court of general jurisdiction has jurisdiction of the subject-matter and has acquired jurisdiction over the person of the defendant, its judgment is invincible against collateral attack.

It was urged, however, in behalf of plaintiff that if any judge or referee in the United States District Court attempts to supersede the power given by the Bankruptcy act itself, he is without jurisdiction and any decree or order given by him may be attacked collaterally or impeached in any court of any state wherein such order or decree might be pleaded; reliance being had on *In re Fahy,* 116 *Fed. Rep.* 239, construing section 14-A of the act, limiting the right of the bankrupt to apply for a discharge to eighteen months subsequent to adjudication, and in which it was said that the power and right to grant a discharge effectual to bar the enforcement of debts due conferred by statute is governed by the limitations found in the statute, and unless it is petitioned within the time fixed, the court of bankruptcy is without power and jurisdiction to grant the discharge, but if it yields to equitable considerations and should grant the discharge, such discharge could be impeached before any court wherein it might be pleaded as a bar to a claim, on the ground of want of jurisdiction to entertain the petition for discharge.

While the point here raised is not without some doubt, in view of the admitted fact that the second discharge of defendant was within six years of the first, and on voluntary petitions filed by him in both instances, it seems that a person is not deprived of the right to file such a petition and have an adjudication of bankruptcy thereon, even though he may not be entitled to a second discharge within the limited period. 7 *C. J.* 42, § 51. It thus appears that the federal court may acquire jurisdiction of the person and the subject-matter in any event, and if this is so, the question arises whether it is not the duty of a creditor to object to the second discharge, by calling the court's attention to the first within the limited period; as it is not supposed that if it is, the second by reason of its irregularity would be granted. See *Bluthenthal* v. *Jones,* 208 *U. S.* 64, cited in 13 *L. R. A.* (*N. S.*) 629. The proofs here are adequate that plaintiff as a creditor had notice of the filing by defendant of the second petition, in the schedule attached to which it was listed, because of his endorsement of the note in suit. It paid no attention to the proceeding, however, and allowed him to petition for and obtain the second discharge, with the result that the court evidently had no information as to the first. It is suggested, however, that the court should have made its own independent investigation of prior records, which it does not appear to have done. It is not so clear that this is so, although it would seem to be beside the point which is that the proceeding appears to have been entirely regular, and the irregularity is apparent only by proof, outside the immediate record, of a prior discharge within the limited period. In the circumstances, can plaintiff collaterally attack the second discharge, in all respects regular on its face, in the present suit? The question seems to require a negative answer. In *Crawford* v. *Lees,* 84 *N. J. Eq.* 324; 93 *Atl. Rep.* 201, it was held that the erroneous determination of a court of general jurisdiction of facts, on which its jurisdiction depends, cannot be collaterally attacked. The principal that a judgment of a court having jurisdiction of the subject-matter and parties cannot be collaterally impeached applies to an action *in rem,* as in such cases all the world is a party; although want of juris-

diction of the subject-matter will subject the judgment of any court to collateral impeachment.

In *Lippincott* v. *Godfrey*, 103 *N. J. L.* 407; 136 *Atl. Rep.* 407, it was said that where a court has jurisdiction to order the entry of judgment, and there were procedural errors in the steps taken to that end, such judgment is only properly subject to attack by a motion to vacate the same in the court where such judgment was entered, or by appeal therefrom, and cannot be questioned in a collateral manner. Citing *Plume* v. *Howard Savings Institution*, 46 *N. J. L.* 211. See, also, *In re Leupp*, 108 *N. J. Eq.* 49, 58 *et seq.*; 153 *Atl. Rep.* 842. The interesting question whether the apparently improper second discharge in bankruptcy can still be annulled, because improvidently entered, is suggested in the discussion in *In re McKee*, 165 *Fed. Rep.* 269. In any event, it seems clear that plaintiff cannot be permitted to collaterally attack defendant's discharge in the present suit. The result is that judgment must be entered in favor of defendant and against plaintiff.