### In re SUMMER.
### No. 64.

Circuit Court of Appeals, Second Circuit.
Nov. 6, 1939.

Newman & Bisco, of New York City (Leonard G. Bisco and Robert E. Shortall, both of New York City, of counsel), for appellant.

Schanzer, Radest & Levine, of New York City (Albert D. Schanzer, of New York City, of counsel), for appellee.

Before SWAN, CHASE, and PATTERSON, Circuit Judges.

PER CURIAM.

Arthur Summer was adjudicated a bankrupt upon his voluntary petition on April 20, 1938. In due course he presented his petition for a discharge from his debts, to which the appellant, Manufacturers Trust Company, filed specifications of objection, praying that the indebtedness owing to it be excepted from any order granting a discharge to the bankrupt. Its specifications alleged the following facts: In 1930 the bankrupt and another were duly adjudicated bankrupt individually and as co-partners doing business under the firm name and style of Ben Schindelheim & Co.; in such prior bankruptcy proceeding the appellant was scheduled as a creditor and filed its proof of claim based on promissory notes in the amount of $11,500 made by the said partners; no application for a discharge from his debts was ever made by the bankrupt in such prior proceeding; thereafter, in 1933, the appellant obtained a judgment against the bankrupt in the sum of $13,826.85, such judgment representing the principal due on said notes, interest to the date of judgment and costs; and in the present proceeding the bankrupt has scheduled the appellant as a creditor for said indebtedness. The bankrupt's exceptions to the specifications of objection to his discharge denied none of the foregoing facts, but asserted as a legal conclusion that the appellant's judgment was not the same debt as was listed by the bankrupt in his schedules in the prior bankruptcy proceeding and, being a new debt, was properly dischargeable. The district judge sustained the exceptions and granted a discharge in the customary form.

It is apparent from the authorities cited by the district judge in a short memorandum of decision, In re Sutton, D.C., 19 F.Supp. 892, and In re Devereaux, 2 Cir., 76 F.2d 522, that he believed that the issue before him was the right to a discharge and that the objecting creditor must be relegated to another forum for a determination of the effectiveness of the discharge as a bar to the debt. This was a plain misapprehension of the applicable law. As the debt scheduled in the first proceeding was dischargeable therein, the failure of the bankrupt to apply for a discharge in that proceeding precludes him from obtaining a discharge of the same debt in the later proceeding. See In re Schwartz, 2 Cir., 89 F.2d 172, where the authorities were recently reviewed by this court. Within this rule the reduction of the appellant's claim to judgment did not make the debt a new or different one. In re Kuffler, 2 Cir., 168 F. 1021, certiorari denied, 214 U.S. 520, 29 S.Ct. 701, 53 L. Ed. 1066; In re Schnabel, D.C., 166 F. 383. Nor can the bankrupt successfully maintain his contention that in the prior proceeding only the partnership was adjudicated bankrupt, for the objecting creditor's specifications allege, and the bankrupt's exceptions admit, that the partners were also adjudicated individually.

In a case where the debts listed in both bankruptcy proceedings are the same, a discharge may be denied altogether in the later proceeding, as was done in In re Schwartz, supra; but where the later proceeding includes additional debts, the practice is to grant a discharge which specifically excepts from its operation the debts that were listed in the prior proceeding. See Freshman v. Atkins, 269 U. S. 121, 46 S.Ct. 41, 70 L.Ed. 193; In re Zeiler, D.C., 18 F.Supp. 539, and authorities there collected. Indeed, it appears to be necessary for the creditor to obtain such an exception if his claim is to be preserved against the bar of the discharge. See Bluthenthal v. Jones, 208 U.S. 64, 28 S.Ct. 192, 52 L.Ed. 390. The record in the case at bar does not disclose that additional debts were scheduled in the later proceeding but on oral argument counsel so stated. Therefore, the district court

should have overruled the exceptions and should have granted a discharge with the appellant's claim specifically excepted from it. The order must be modified accordingly, and it is so ordered.