### In re MASOR.

### BUTLER BROS. v. MASOR.
#### No. 7390.

Circuit Court of Appeals, Seventh Circuit.
Feb. 6, 1941.

Simon H. Alster and Jerome S. Wald, both of Chicago, Ill., for appellant.

Lester B. Masor, of Chicago, Ill., for appellee.

Before SPARKS and KERNER, Circuit Judges and LINDLEY, District Judge.

KERNER, Circuit Judge.

Appellant Butler Brothers appeals from an order granting appellee a discharge in bankruptcy. An involuntary petition in bankruptcy was filed against appellee and he was, on August 29, 1939, adjudicated a bankrupt. Thereafter he filed a petition for discharge to which appellant filed objections. The District Court referred the objections and specifications to a referee. He heard the evidence, made certain findings of fact and recommended that the discharge be denied.

The specifications of objection relied on were based upon Section 14, sub. c(4) of the Bankruptcy Act, as amended, 52 Stat. 850 (1938), 11 U.S.C.A. § 32, sub. c, which provides that the court shall grant the discharge unless satisfied that the bankrupt has "(4) at any time subsequent to the first day of the twelve months immediately preceding the filing of the petition in bankruptcy, transferred, removed, destroyed, or concealed, or permitted to be removed, destroyed or concealed, any of his property, with intent to hinder, delay, or defraud his creditors."

Before the referee and in this court, appellant contended that while the bankrupt was the owner of a drug store and within twelve months preceding the filing of the petition in bankruptcy, the bankrupt, while insolvent, with intent to defraud his creditors, transferred the drug store to the Masor Drug Co.

The facts. In 1914, the bankrupt, a registered pharmacist since 1904, operated a drug store at 856 Montrose Avenue, Chicago, Illinois. Thereafter the bankrupt became indebted to Hydrox Corporation of Chicago and to secure the sum due, he executed on January 17, 1938, his note, secured by a chattel mortgage upon the fixtures and merchandise in the store at 856 Montrose Avenue. On July 31, 1939, this chattel mortgage was foreclosed and the chattels were sold to the Hydrox Corporation for $2,750, that being the amount due from the bankrupt. Thereafter Hydrox Corporation incorporated the Hazel Drug Company and at the time of the hearing before the referee Hazel Drug Company was conducting the business, employing both the bankrupt and his wife. There is no evidence in the record that the indebtedness due to Hydrox Corporation or that the foreclosure was not bona fide.

The general rule is that when an application for discharge is made by a bankrupt in the District Court, the judge of that Court is, by the terms of the statute, bound to grant it, unless upon investigation it appears that the bankrupt has committed one of the six offenses specified in the Bankruptcy Act. Bluthenthal v. Jones, 208 U.S. 64, 66, 28 S.Ct. 192, 52 L.Ed. 390.

It is true that if an objecting creditor shows reasonable grounds for believing that a bankrupt has committed acts barring his discharge under the Bankruptcy Act of 1938, the burden of proof is upon the

bankrupt to explain the reasons for the acts, and a failure to sustain this burden is grounds for denying the bankrupt's discharge. In re Smatlak, 7 Cir., 99 F.2d 687. We agree with appellant's counsel that it is the established rule that the referee's findings of fact have every reasonable presumption in their favor and should not be set aside unless it clearly appears that there was error or mistake on the part of the referee.

In our case we do not think this latter rule applies for the reason that the referee's findings of fact have not been set aside. What really has been disturbed, is the referee's conclusions that the bankrupt transferred the drug store with the intent to hinder, delay or defraud his creditors.

The referee reached this conclusion because the wife of the bankrupt testified she worked in the store steadily for about 5 years and that in June of 1939 she took over the store, while the bankrupt said he gave her the store in 1935 and she had charge of it until 1939 when Masor Drug Co. was organized, the capital stock consisting of 100 shares, 98 being issued to Mrs. Masor, one to a Mr. Adler and one to the bankrupt. However that may be, the question still remains: Has the bankrupt been guilty of hindering, delaying or defrauding his creditors?

Now, appellant insists that the transfer of the store in June 1939 to the Masor Drug Co. was without consideration and was fraudulent and he cites cases in which this question has arisen,[1] but an application of the facts to each case demonstrates they are inapplicable to the facts in the instant case.

In our case the District Court accepted the facts as found by the referee, but was of the opinion that the bankrupt had actually no interest in the fixtures and merchandise comprising the drug store. Under such circumstances, it is not sufficient grounds for withholding a discharge. Devorkin v. Security Bank, 6 Cir., 243 F. 171 and In re Rice & Reuben, D.C., 43 F.2d 378.

The order of the District Court is affirmed.

[1] Matter of Ovrutsky, Bankrupt, 20 A. B.R.,N.S., 61; Matter of Beckman, Bankrupt, D.C., 6 F.Supp. 957, 25 A.B.R.,N. S., 251; and Matter of Ulrich, Bankrupt, D.C., 18 F.Supp. 919.