### In re PLOWFIELD.
### No. 29907.

District Court, D. New Jersey.

Feb. 10, 1942.

Louis J. Greenberg, of Jersey City, N. J., for petitioners.

Albert B. Melnik, of Camden, N. J., for bankrupt.

Albert Freeman, of Newark, N. J., amicus curiae.

FORMAN, District Judge.

On January 13, 1933, William Frederick Plowfield was adjudicated a bankrupt in the Southern District of New York. Jacques & Company, Inc., was listed as a creditor in the schedules for merchandise sold in the amount of $5,500. No discharge was granted, but the proceedings before that court were closed on March 21, 1935.

On December 11, 1939, William Frederick Plowfield was adjudicated a bankrupt by this court, and was discharged from his liabilities on February 20, 1940.

Thereafter, Jacques & Company, Inc., brought suit against the bankrupt in Canada for its claim resulting in a settlement for $4,000. A confession of judgment was signed and judgment was entered thereon in the New York Supreme Court on April 22, 1940, for $4,242 damages and $24.35 costs. This judgment was subsequently assigned to David Schatell of New Jersey, who brought suit thereon in the New Jersey Supreme Court on May 18, 1940.

The bankrupt thereupon appeared before the Referee with a petition to vacate his discharge of February 20, 1940, and to amend his schedules so that Jacques & Company, Inc., would be included, and that David Schatell be enjoined from prosecuting the action on that claim as assignee in the state court. This request was based on the allegation that this creditor was originally omitted by inadvertence and mistake. Jacques & Company, Inc., and its assignee filed with the Referee a petition praying that the relief requested by the bankrupt be denied on the ground that the claim was not dischargeable in this proceeding because it was listed in the schedules of the bankrupt in the proceedings in New York and because the bankrupt's petition was not submitted in good faith since there was no inadvertence or mistake. The Referee concluded that there was inadvertence and mistake but denied

the application of the bankrupt on the ground that the obligation of the bankrupt to Jacques & Company, Inc., was not dischargeable because it was listed in a prior bankruptcy proceeding. This conclusion was affirmed by order of this court on October 22, 1940.

On January 2, 1941, Helen Swanson appearing as assignee of the claim of Jacques & Company, Inc., instituted a suit thereon in the New Jersey Supreme Court. An answer was filed by the bankrupt to which a motion to strike was addressed. This motion was denied on the ground that the nondischargeability of the debt should be raised in the bankruptcy proceeding, the state court relying upon the case of Bluthenthal v. Jones, 208 U.S. 64, 28 S.Ct. 192, 52 L.Ed. 390. Accordingly, on April 10, 1941, Jacques & Company, Inc., and the assignee, Helen Swanson, filed a petition with the Referee requesting that he amend the order of February 20, 1940, discharging the bankrupt so as to except from its operation the debt owed Jacques & Company, Inc. The bankrupt's answer to this petition alleges that petitioners are estopped from seeking the relief requested because of their failure to make the request earlier in the bankruptcy proceeding, and that for the same reason the court is now without jurisdiction to make the amendment. The petition was denied by the Referee.

■ The right to a discharge as set forth in Section 14 of the Bankruptcy Act, 11 U.S.C.A. § 32, and the effect of a discharge as set forth in Section 17 of the Bankruptcy Act, 11 U.S.C.A. § 35, are distinct propositions. The court of bankruptcy issues the discharge, but the effect thereof is to be passed upon in the court in which it may be pleaded. Teubert v. Kessler, 3 Cir., 296 F. 472; In re Bernard, 2 Cir., 280 F. 715. This proposition has been extended, however, so as to permit the bankruptcy court to determine the effect of a discharge in a case involving unusual and special circumstances. Local Loan Co. v. Hunt, 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230, 93 A.L.R 195; In re Devereaux, 2 Cir., 76 F.2d 522.

The Referee concluded that creditors who are listed in the schedules of a prior bankruptcy proceeding in which a discharge was not obtained, and who are also listed in a subsequent bankruptcy proceeding, may apply and obtain as a class only a specific exemption from the terms of the

discharge in the subsequent proceeding. Since the application herein was made in behalf of a single creditor, he refused to except the circumstances of this case from the general rule that the effect of a discharge is not to be considered by a court of bankruptcy.

The cases of Bluthenthal v. Jones, 208 U.S. 64, 28 S.Ct. 192, 52 L.Ed. 390; In re Summer, 2 Cir., 107 F.2d 396; In re Early, D.C., 34 F.Supp. 774; In re Zeiler, D.C., 18 F.Supp. 539, involve successive bankruptcy proceedings and the effect of a subsequent discharge against scheduled creditors against whom the bankrupt failed to obtain a discharge in the prior proceedings. The court held in the case of Bluthenthal v. Jones that the scheduled creditor was bound to make an objection to discharge at the subsequent proceeding or else the discharge would be operative against his claim. In the case of In re Summer objection to the discharge was made, and the court granted a qualified discharge preserving the claim of the scheduled creditor. In the cases of In re Zeiler and In re Early request was made for a reopening of the discharge and for a qualification thereof. In each the timeliness of the request was the controlling issue.

■ Herein, argument has revolved primarily around the timeliness of the request for a qualification of the discharge. We take the view, however, that it is unnecessary to resolve that issue, because the facts of this case are not in focus with the facts of those cases permitting a reopening and qualification of a discharge. We do not have before us successive bankruptcy proceedings involving a denial of discharge followed by a discharge against the petitioners' scheduled claim. In our case petitioners were not listed as creditors in the second proceeding. Whether or not petitioners had actual knowledge of the second bankruptcy was sharply controverted. The bankrupt testified before the Referee that he told the petitioners' attorney of the bankruptcy proceedings in this court shortly after they were instituted. The attorney denied it point blank. In this word against word contest the Referee was unable to decide where the veracity lay. The burden of the bankrupt in this situation to preponderate failed. Hence, the petitioners here, unlike the creditors in the cases noted, were unscheduled and not shown to have had notice. Indeed, in so far as the record goes their first notice was on June

24, 1940, when Jacques & Company, Inc., was directed to show cause why the discharge of the bankrupt granted on the preceding February 20, 1940, should not have been vacated and permission granted to the bankrupt to schedule the claim of the creditor. This resulted in the order of this court of October 22, 1940, affirming the refusal of the Referee to vacate the discharge and expressly holding that the debt of petitioners was not dischargeable. It is to be noted that this action occurred about six months after the formal discharge of the bankrupt. An amendment to that discharge now reiterating the exclusion of its applicability to petitioners' debt would add nothing to the express holding in our order of October 22, 1940, that the debt was not dischargeable. We, therefore, feel that the relief requested by petitioners is unnecessary and moot and for this reason the order of the Referee in denying the petition is affirmed.