## I. & I. HOLDING CORPORATION et al. v. GREENBERG.

### No. 26.

Circuit Court of Appeals, Second Circuit.

Nov. 5, 1945.

Newman & Bisco, of New York City, and Duberstein & Schwartz, of Brooklyn, N. Y. (Robert E. Shortall, of New York City, and Max Schwartz, of Brooklyn, N. Y., of counsel), for appellants.

Edwin M. Slote, of New York City (Seymour Herzog, of New York City, on the brief), for appellee.

Before L. HAND, SWAN and CLARK, Circuit Judges.

SWAN, Circuit Judge.

This appeal raises an interesting question which counsel say is one of first impression, namely, whether denial of a discharge in a pending bankruptcy proceeding precludes the bankrupt from obtaining confirmation of a plan of arrangement thereafter presented in the same proceeding.

The facts are not in dispute. Upon an involuntary petition Henry Greenberg was adjudicated bankrupt on December 29, 1939. After a contest on the merits his discharge was denied by the referee on the ground that he had committed acts barring a discharge under the Bankruptcy Act, and the referee's order was affirmed by the district court in August 1942. In re Greenberg, 46 F.Supp. 289. On June 30, 1944, the bankrupt filed in the bankruptcy proceeding, which had never been closed, a petition for an arrangement of his debts offering to unsecured creditors who were not entitled to priority the payment of one per cent. in cash. Pursuant to § 334, 11 U.S.C.A. § 734, the referee gave notice of a meeting of creditors to consider the plan of arrangement and before the date so set, I. & I. Holding Corporation filed with the referee a petition asking dismissal of Greenberg's petition for an arrangement on the ground that the aforesaid denial of a discharge in bankruptcy precludes his obtaining such relief. Thereafter the referee entered an order vacating all proceedings theretofore had in the bankruptcy proceeding and confirming the debtor's plan of arrangement. This order came before the district court on petitions for review filed by the two creditors who are appellants here. The debtor having conceded that the proceedings before the referee had been irregular in failing to give creditors the statutory notices required by § 337(3), 11 U.S.C.A. § 737(3), the district court referred the proceedings back to the referee to set a date for the hearing on confirmation of the plan of arrangement and to fix a time for the filing of specifications of objection to confirmation, "and for all other purposes, including the right of the objecting creditors to raise the issue of law, as they may be advised, that the denial of a discharge to a bankrupt in the bankruptcy proceedings is res adjudicata except by way of review or appeal." This is the order before us on appeal.

The appellee contends that this appeal is premature; that the order merely referred back to the referee for hearing and determination the legal issue sought to be raised by the appellants. It is true that appellate courts usually will not consider appeals from interlocutory orders of reference which decide nothing as to the merits of a dispute. In re Hotel Governor Clinton, 2 Cir., 107 F.2d 398; In re J. P. Linahan, Inc., 2 Cir., 146 F.2d 999; Matter of Chotiner, 3 Cir., 218 F. 813. But we do not regard the order before us as falling within that category. If the appellants' position is correct that the prior denial of a discharge from his debts precludes the bankrupt from settling the same debts by a plan of arrangement under chapter XI, then

the district court should have granted the creditors' motions to dismiss the debtor's application. See section 376(1), 11 U.S. C.A. § 776(1). Nothing will be gained by a rereference, for the facts are not in dispute and the referee has already expressed his opinion on the legal issue. Since the bankruptcy court will take judicial notice of its own denial of a discharge, the debtor's plan shows on its face (assuming arguendo the correctness of the appellants' contention) that it cannot be confirmed and his petition should have been dismissed. See the discussion of Hinkey's appeal in Dudley v. Mealey, 2 Cir., 147 F.2d 268, 270. Appellate jurisdiction exists.

■ On the merits the appellants are right. Since the confirmation of an arrangement effects a discharge of the debtor's unsecured debts, § 371, 11 U.S.C.A. § 771, and since one of the conditions of confirmation is that the court shall be satisfied that "the debtor has not been guilty of any of the acts or failed to perform any of the duties which would be a bar to the discharge of a bankrupt," section 366(4), 11 U.S.C.A. § 766(4), it would seem self-evident that the appellee is not entitled to relief as a debtor under chapter XI so long as the former order denying his discharge in bankruptcy remains in effect. It is authoritatively established that the denial of a discharge in bankruptcy is a bar to discharge from the same debts in a second bankruptcy proceeding. Freshman v. Atkins, 269 U.S. 121, 124, 46 S.Ct. 41, 70 L.Ed. 193; Bluthenthal v. Jones, 208 U.S. 64, 28 S.Ct. 192, 52 L.Ed. 390, 13 L.R.A. 629; In re Fiegenbaum, 2 Cir., 121 F. 69; see also In re Schwartz, 2 Cir., 89 F.2d 172; Chopnick v. Tokatyan, 2 Cir., 128 F.2d 521, certiorari denied 317 U.S. 667, 63 S.Ct. 72, 87 L.Ed. 536. As this court stated in the Fiegenbaum case, quoted with approval in Freshman v. Atkins, supra [269 U.S. 121, 46 S.Ct. 42]: "Not only should the court of bankruptcy protect the creditors from an attempt to retry an issue already tried and determined between the same parties, but the court, for its own protection, should arrest, in limine, so flagrant an attempt to circumvent its decrees."

In Sawyer v. Orlov, 1 Cir., 15 F.2d 952, certiorari denied 274 U.S. 736, 47 S.Ct. 574 71 L.Ed. 1316, it was held that denial of a composition because of a transfer in fraud of creditors was res judicata as to the bankrupt's discharge in the subsequent bankruptcy proceedings. Although the cases cited involved successive bankruptcy proceedings we have no doubt as to the applicability of the principles they lay down to an original petition for arrangement brought pursuant to section 322, 11 U.S. C.A. § 722, after the closing of a bankruptcy proceeding in which a discharge was denied. The appellee, however, filed his petition for arrangement in a pending bankruptcy proceeding as he was required to do by § 321, 11 U.S.C.A. § 721; and he argues that such a petition "supersedes all previous proceedings theretofore had" therein. In short, his contention is that Congress intended that a bankrupt who had been denied a discharge because of forbidden acts or derelictions of duty could nevertheless obtain one by means of an arrangement applied for in the same proceeding, if it was still pending. We find nothing in chapter XI to support such a contention. Not only would it create a strange anomaly to have the conditions of confirmation more lenient if the petition for arrangement were filed under § 321 rather than § 322, but § 366, which specifies the conditions, applies equally to both types of petition. Moreover, it is clear from other provisions of chapter XI that a petition under § 321 does not vacate all that the bankruptcy court has previously done. Thus, the petition does not automatically stay the bankruptcy proceedings (§ 325, 11 U.S.C.A. § 725); and if a trustee in bankruptcy has been appointed, the court shall continue him in possession (§ 332, 11 U.S.C.A. § 732). See also §§ 352-354, 11 U.S.C.A. §§ 752-754. All the essentials of an estoppel by judgment are present in the order denying the bankrupt a discharge; and we can conceive no possible reason for failing to give such order the usual effect. Hence he must obtain a revocation of such order before he can present a petition for arrangement.

■ The Federal Rules of Civil Procedure are applicable in bankruptcy. Perlman v. 322 West Seventy-Second Street Co., 2 Cir., 127 F.2d 716, 718. Under Rule 60(b), 28 U.S.C.A. following section 723c, the bankrupt might have applied for vacation of the order denying him a discharge, and since the bankruptcy proceeding is still pending we may assume that the six month limitation would not apply [cf. Second Preliminary Draft of Proposed Amendments to Rules of Civil Procedure, May, 1945, Rule 60(b)], and that he might even now file a petition in the nature of a bill of review if sufficient grounds exist to upset the

decision after so long a delay. But his petition for arrangement contains no suggestion that any such grounds do exist. Accordingly it should have been dismissed, since on the record made it is clear that the proposed arrangement cannot be confirmed. The order is reversed with directions to dismiss the debtor's petition, with costs to the appellants.