## In re WARSHAWSKY.

United States District Court
S. D. New York.
Aug. 3, 1950.

Herman G. Robbins, Brooklyn, N. Y., for petitioner.

Martin W. Kramer, New York City, for Bankrupt-Respondent.

S. H. KAUFMAN, District Judge.

Petitioner seeks an order excepting from the discharge granted to the bankrupt on December 14, 1938, a judgment obtained against the bankrupt by the Superintendent of Banks of the State of New York on August 14, 1934 in the sum of $2,258.00 and assigned by the Superintendent to petitioner on September 12, 1949. The following facts appear from the papers before the court on this application:

The bankrupt filed a voluntary petition in bankruptcy in the United States District Court, Eastern District of New York, on April 10, 1935, and was adjudicated a bankrupt on the same day. A proof of claim based on the aforesaid judgment was filed in the bankruptcy proceeding on August 15, 1935. That bankruptcy proceeding was closed in July, 1936, because the bankrupt failed to pay the indemnity to the Referee within the six-month period allowed by law. No application for a discharge was ever made, and no discharge was ever granted in that proceeding.

Thereafter, on June 21, 1938, the bankrupt filed a voluntary petition in bankruptcy in this court, and was again adjudicated a bankrupt. She again listed the aforesaid judgment in her schedules. A proof of claim, based on the judgment, and a transcript of the judgment were filed in the proceeding in this court on August 13, 1938. In both bankruptcy proceedings the bankrupt listed no assets, the Superintendent of Banks was the only creditor scheduled, and the claim based on the judgment was the only claim filed.

The bankrupt received a discharge in the second proceeding on December 14, 1938, without objection, and the proceeding was closed on March 24, 1939.

The instant application is brought on by order to show cause dated March 29, 1950, some 11 years and 3 months after the discharge was granted.

The law applicable to this case was laid down by the Supreme Court in Bluthenthal v. Jones, 208 U.S. 64, 28 S.Ct. 192, 52 L.Ed. 390, 13 L.R.A.,N.S., 629. In that case, the bankrupt filed a voluntary petition in the District Court for Georgia in 1900. Among his debts was scheduled a judgment in favor of Bluthenthal. A discharge was denied in that proceeding. Thereafter, in 1903, the same debt was scheduled in a second proceeding in bankruptcy, this one in the District Court of Florida. Bluthenthal, though notified, did not appear or participate in the second proceeding, and the bankrupt received a general discharge therein. When Bluthenthal thereafter attempted to levy execution on the judgment, the bankrupt brought suit to restrain him. On appeal, the Supreme Court affirmed the judgment in favor of the bankrupt. Against the creditor's argument that the denial of a discharge in the first proceeding was res judicata, and that therefore the debt was not dischargeable in the second proceeding, the Supreme Court said: "But courts are not bound to search the records of other courts and give effect to their judgments. If there has been a conclusive adjudication of a subject in some other court, it is the duty of him who relies upon it to plead it or in some manner bring it to the attention of the court in which it is sought to be enforced." 208 U.S. at page 66, 28 S.Ct. at page 193.

It has been held in numerous cases that where two successive petitions in bankruptcy were filed in the same court, the court could take judicial notice of the failure to obtain a discharge in the first proceeding, and for that reason, even on its own motion, exempt the debts scheduled in the first proceeding from the discharge granted in the second. Freshman v. Atkins, 269 U.S. 121, 46 S.Ct. 41, 70 L.Ed. 193; In re Schwartz, 2 Cir., 89 F.2d 172; In re Seiden, 2 Cir., 174 F.2d 586. However, the Court of Appeals for this Circuit has consistently recognized the authority of the Bluthenthal case, supra, when the two petitions are not filed in the same court. Cf. In re Seiden, supra; In re Summer,

2 Cir., 107 F.2d 396, 397, certiorari denied 309 U.S. 680, 60 S.Ct. 718, 84 L.Ed. 1024.

In the Sieden case, supra, the court said that Bluthenthal v. Jones, supra, stands for the proposition that: "* * * where the subsequent bankruptcy proceeding is not in the same court, such debts [debts scheduled in a prior proceeding wherein a discharge was not granted] may be effectively discharged, in the absence of objection made, at least to the extent that a discharge of them is not subject to collateral attack." 174 F.2d at page 587.

The creditor cites In re Schindler, D.C. E.D.N.Y., 73 F.Supp. 741 in support of her contention. In that case, the first bankruptcy petition was filed in this court in 1930. No discharge was granted. In 1946, a second petition was filed in the Eastern District of New York, and some of the creditors listed were the same as those listed in the prior proceeding. An unqualified discharge was granted on January 24, 1947. One week later, the creditor moved before the referee to amend the order of discharge to except the debts scheduled in the prior proceeding. The referee denied the application. The creditor thereupon petitioned for review of the order of the referee, and at the same time made a direct application to the District Court to amend the order of discharge. The district judge granted the petition to review, reversed the order of the referee, and dismissed the second application as moot. That case is clearly distinguishable from the instant one: there the creditor promptly called the attention of the bankruptcy court to the prior denial of a discharge and made a timely application before the referee to amend the order of discharge. Here there is a record of inactivity by the creditor for 11 years and 7 months after the proof of claim based on the judgment was filed in the second proceeding; never in all that time, did the creditor call to the attention of this court the fact of the prior bankruptcy and the failure of the bankrupt to obtain a discharge therein from this debt.

Under the rule of the Bluthenthal case, supra, the "creditors must be alert and not stand by in a second bankruptcy proceeding and allow their claims scheduled in a prior proceeding to be discharged." In Re Brown, D.C., 35 F.Supp. 619, a creditor whose claim was not discharged in the first proceeding in the Eastern District failed to object to a discharge of his claim when scheduled in a second proceeding subsequently brought in this court. It was held that the general order of discharge in the second proceeding operated to discharge the creditor's claim. 1 Collier on Bankruptcy, 1949 Supp. par. 14.62; cf. Oglebay, Some Developments in Bankruptcy Law, 23 Journal of National Association of Referees in Bankruptcy 70, 72.

The application to except the judgment obtained by the Superintendent of Banks of New York State on August 16, 1934 from the discharge granted on December 14, 1938 is denied.

Settle order on notice.