BRACK v. GROSS.
No. 6172.

United States Court of Appeals
Fourth Circuit.

Argued Nov. 10, 1950.
Decided Jan. 3, 1951.

Murray MacNabb, Baltimore, Md., for appellant.

Irving B. Grandberg, Baltimore, Md., for appellee.

Before PARKER, SOPER and DOBIE, Circuit Judges.

SOPER, Circuit Judge.

In this case a judgment creditor of a bankrupt estate seeks to set aside a discharge in bankruptcy on the ground that in a previous bankruptcy proceeding the same debt was listed by the bankrupt and the proceeding was dismissed without a discharge of debts on account of the failure of the bankrupt to pay the filing fee. The defense, which was sustained in the District Court, is res judicata, based on the ground that the creditor made and lost a previous attempt in the District Court to set aside the discharge.

In June, 1936, William F. Brack, the appellant, obtained a judgment against the bankrupt, Dora Gross, and her husband in the Superior Court of Baltimore City in the amount of $6,800, for a deficit under a mortgage foreclosure proceeding. The persistent efforts of Brack to collect the judgment caused the debtor to seek relief by resort to bankruptcy; and on February 15, 1937 she filed a voluntary petition and was subsequently adjudicated bankrupt. In this proceeding Brack alone filed a creditor's claim. The bankrupt, however, failed to get a discharge from the debt because the court on March 27, 1937 dismissed the proceeding on account of her failure to pay the filing fee.

Nine years later, on March 30, 1946, the bankrupt filed a second petition in bankruptcy. Again Brack was the only creditor to file a claim; and in response to the Referee's order fixing a time within which objections should be filed Brack filed an opposition to the discharge on the ground that the bankrupt had failed to keep proper books and records and had failed to satisfactorily explain her sources of income. No objection was asserted on the ground that the previous bankruptcy proceeding had been dismissed without a discharge of debts although this fact was known to the parties. The Referee dismissed the objections put forward by Brack and the District Court affirmed his action on October 29, 1947. No appeal was taken from the order.

Brack was not to be discouraged and in July, 1948 he caused execution to be issued on his judgment in the Superior Court of Baltimore City. After various pleadings the bankrupt moved for a summary judgment asserting the discharge in bar of Brack's judgment, thus setting up the effect of the discharge as a matter of law. Here again the matter of the previous filing of the debt in the first bankruptcy proceeding was before the court; however, the court concluded that the judgment was barred by the discharge and granted the bankrupt's motion for summary judgment on May 9, 1949. Again Brack failed to appeal.

Still unconvinced that his judgment was barred Brack initiated the present proceeding on May 11, 1949 by a petition in the District Court praying that the discharge

be declared nugatory as to his judgment debt on the ground that it had been decided in effect in the first bankruptcy proceeding that the bankrupt was not entitled to a discharge and therefore on the principle of res judicata it should have been denied in the second proceeding. From an adverse order, he appealed.

■ The appellant relies upon the established rule that denial of a discharge in bankruptcy from debts provable therein, or failure to apply for such a discharge within the statutory period prescribed by Section 14, sub. a of the Bankruptcy Act, 11 U.S.C.A. § 32, sub. a, as it existed prior to the Chandler Act of 1938, bars an application for a discharge of the same debts in a second proceeding.[1] The rule is generally based on the principle of res judicata but sometimes in cases prior to the Chandler Act, where the bankruptcy proceeding was dismissed for want of prosecution, the rule is based on the ground that otherwise a statutory requirement that an application for a discharge must be filed in a prescribed period would be frustrated. Freshman v. Atkins, 269 U.S. 121, 123, 46 S.Ct. 41, 70 L.Ed. 193; Perlman v. 322 West Seventy-Second Street Co., 2 Cir., 127 F.2d 716; Colwell v. Epstein, 1 Cir., 142 F.2d 138, 156 A.L.R. 836.

■ It follows that the discharge of the judgment debt should have been denied in the second bankruptcy proceeding, when the judgment creditor objected to the discharge, if the point now under consideration had been raised, as it might have been, since the facts were well known to the parties. But it was not raised, and other grounds were urged for a denial of the discharge which were found insufficient by the Referee and the District Judge. The ruling constituted a formal decision that the bankrupt was entitled to a discharge and hence the question now raised in the pending case is res judicata and may not be litigated again. It is well established that the finality of a judgment covers not only all questions that were litigated in the case but all questions that might have been raised if the litigant had seen fit to do so.

In view of these peculiar circumstances, we have no occasion to pass upon the question whether the bankruptcy court, despite the lapse of time, may always amend a discharge in bankruptcy and except a debt therefrom if it was discharged in a second proceeding, after it had been filed but not discharged in a prior proceeding which was dismissed for want of prosecution. On this question the courts are divided. Some hold that the propriety of the discharge in respect to debts listed but not discharged in the first proceeding may be reexamined by the court although a long period may have elapsed since the discharge was granted in a second proceeding. The ground assigned for the ruling is that the bankrupt abused the process of the court in applying for and obtaining a discharge from which the debt was not excepted, and therefore the court should correct the discharge whenever it becomes aware that it should have made the exception in the first instance. In re Seiden, 2 Cir., 174 F.2d 586; In re Schindler, D.C.E.D.N.Y., 73 F.Supp. 741; In re Finkelstein, D.C. E.D.N.Y., 62 F.Supp. 1015; In re Zeiler, D.C.S.D.N.Y., 18 F.Supp. 539. Other courts hold that even if the discharge was wrongfully granted in the second proceeding, the judgment had become final and impervious to attack and that the court was therefore powerless to amend it. Ginsberg v. Thomas, 10 Cir., 170 F.2d 1. See also Bluthenthal v. Jones, 208 U.S. 64, 28 S.Ct. 192, 52 L.Ed. 390; In re Early, D.C. E.D. Pa., 34 F.Supp. 774; In re Plowfield, D.C.N.J., 49 F.Supp. 35. These decisions rely upon the absence of any provision of the bankruptcy statute authorizing the amendment and upon the circumstances that the revocation or amendment of a discharge after a long lapse of time would defeat the purpose of the statute to relieve the bankrupt of the burden of his indebtedness and afford him an opportunity for rehabilitation.

1. The first petition in bankruptcy was filed and dismissed in 1937. The second proceeding was filed after the passage of the Chandler Act.

In the instant case the creditor cannot succeed in his attempt to amend the discharge even if the court should adopt the view favorable to its power to reopen the question. He has already had his day in court and is bound by the adverse decision.

Affirmed.