**In re THURSTON.**
**No. 20–46.**

District Court, D. Nebraska,
Omaha Division.

Dec. 26, 1947.

Ephraim L. Marks, of Omaha, Neb., for bankrupt.

David E. Beber, and Beber, Klutznick, Beber & Kaplan, all of Omaha, Neb., for objecting creditor.

DELEHANT, District Judge.

The case is before the court upon exceptions filed by Household Finance Company, a creditor, to an order of the referee granting the bankrupt a discharge to which the creditor had filed objections and specifications upon the ground that the bankrupt had, within the meaning and intent of Title 11 U.S.C.A. § 32, sub. c(3), "obtained money * * * on credit * * * by making or (and) publishing * * * a materially false statement in writing respecting his financial condition." The exact action of the bankrupt thus challenged is a financial statement made to the objecting creditor by the bankrupt in connection with his procurement of a loan of $200 some four months before the institution of this proceeding. The creditor alleges the statement to have been false and to have been made to induce, and to have induced, the making of the loan.

Hearing was had before the referee, at which evidence, both oral and documentary, was received and preserved in a record which has been presented to the court.

Thereafter, and on July 17, 1947, the ref-eree entered an "Order Denying Objections to Discharge" wherein, after reciting that "In this case the bankrupt testified that he desired to make a furniture loan and it was stipulated at the hearing that the bankrupt and his wife believed that they were giving a valid, enforceable chattel mortgage upon their household goods", he added, "This, to my mind, negatives the idea that the statement was false in the sense demanded by the Bankruptcy Act to prevent a discharge." That is the heart and substance of his decision; and it is followed by the formal order granting the discharge.

Exceptions were seasonably filed; and, on October 23, 1947, the referee filed a Statement of Case in which he made a somewhat more detailed outline of the case and reported his ruling and the already quoted essence of it. The issues thus arising have since been presented to the court on briefs and by oral argument.

■ Upon full and careful consideration of the files, the record of the evidence and the briefs, the court has been confirmed in an impression tentatively suggested to counsel upon oral argument. The court is persuaded that the referee has not adequately or properly complied with the requirements of General Order 47, Title 11 U.S.C.A. following Section 53.

■ The first sentence of that order is: "Unless otherwise directed in the order of reference the report of a referee or of a special master shall set forth his findings of fact and conclusions of law, and the judge shall accept his findings of fact unless clearly erroneous." The quoted language of the General Order is peremptory. Moreover, it has been expressly held to apply to the orders of referees as "courts of bankruptcy". In re Byrd Coal Co., 2 Cir., 83 F.2d 190, 192; Equitable Life Assur. Soc. of United States v. Carmody, 8 Cir., 131 F.2d 318; Rait v. Federal Land Bank, 8 Cir., 135 F.2d 447; Dunsdon v. Federal Land Bank, 8 Cir., 137 F.2d 84; In re Mullett, D.C.Mo., 60 F.Supp. 87; Stewart v. Ganey, 5 Cir., 116 F.2d 1010; In re Steinberg, 2 Cir., 143 F.2d 942.

■ Now, it is manifest from an examination of this record and the evidence that the referee has not, in any adequate sense, made and reported findings of fact or conclusions of law. They should have been made in, or as a separate document underlying, his order of July 17, 1947. And they clearly were neither made nor reported on that occasion. In his Statement of Case, he adds some factual comments of an historical sort, and refers to certain testimony presented before him, but that statement followed the filing of exceptions to his actual order and was in the nature of a certificate of the issues for review. Even it is wholly inadequate for acceptance as findings of fact, to say nothing of conclusions of law. .

■ It might be suggested or considered that, with the complete transcript of the evidence available, the court may, and should, proceed to make any necessary factual findings that are omitted. That would, indeed, be the easy and the simple course. But the court is not expected, and has only a dubious right, thus to proceed. And this court has no inclination to do so. Such a course is an appropriate device to nullify or debase the office and function of the referee, and to defeat the very purpose of a reference. The referee personally hears the witnesses, observes their manner of testifying, and has the opportunity of a trial judge, hearing a case without a jury, to appraise the credibility of witnesses and the weight of conflicting testimony. It is in recognition of his superior position that the General Order empowers, actually requires, him to make findings of fact, and confers upon them "unless they are clearly erroneous" a controlling consequence when his adequately considered ruling comes before the judge for review. This court stands ready to accord to the findings of its referees the effect to which they are by law entitled. But it expects the referees to perform adequately and competently the service which the law imposes upon them and not, except on a rare occasion, to brush aside the responsible determination of a case with a reference to a single circumstance and the assertion that it alone is decisive. The entire factual setting should be formally found.

It is true that, in the instant proceeding, certain facts are not disputed, and that some factual questions are covered by stipulation. They ought, nevertheless, formally to be found. Upon certain other issues of fact the testimony seems to come entirely from one side of the case. Here, again the facts should be found; and they are not sufficiently found by the referee's recital that an indicated witness testified in a stated way. The testimony is merely the foundation of a formal finding by the referee as to what the fact in issue actually was. Identification of the source and content of testimony is no finding of fact. The trier of facts may actually find that the testimony is mistaken or mendacious, even though no oral testimony expressly and formally contradicts it. Even more necessary are findings of the actual facts as between disputed versions. And, at this point, the court mentions, only suggestively and not exclusively, the sharp dispute in the testimony as to whether the Thurstons personally told the creditor's representative or representatives of the existence of debts against the bankrupt beyond the three mentioned in the written statement. What was the fact upon that point? What, if anything, was its legal consequence; and why? The court wants—has a right—to know the referee's answers to these questions. And they are only a narrow aspect of the appropriately expected findings and conclusions.

The course which the court should follow seems clearly to be indicated by the second and concluding sentence of General Order 47. It follows: "The judge after hearing may adopt the report or may modify it or may reject it in whole or in part or may receive further evidence or may recommit it with instructions". It is the final alternative which manifestly should be administered here. For the inadequacy of the referee's submission and ruling, the case should be recommitted to him.

The referee should be instructed, on the return of the file to him, forthwith to vacate and set aside the order by him made under date of July 17, 1947 for the purpose of enabling him to make and file, and seasonably thereafter to make and file, formal findings of fact and conclusions of law and such new order in the premises as his findings of fact and conclusions of law shall disclose to be proper. The vacation of the order granting discharge is appropriate, not because the order is—or is found by the court to be—erroneous or incorrect; (The court makes no such finding.) but rather because the court is recommitting the matter for the purpose of securing findings of fact and conclusions of law responsive to the record and the evidence and testimony. If those findings and conclusions support an order identical with the one formerly announced, so be it. If not, then the order finally to be announced by the referee should be such in substance and in form as will respond to his underlying findings and conclusions. The court can not, and does not assume that the further course of the referee will be merely to sustain his earlier announcement.

Of course, the right will be expressly accorded and reserved to the interested parties, seasonably after the entry of a new order by the referee, to file and present a petition for review thereof. And, if such petition be filed, the court will make an appropriate order for the submission of further briefs upon any issue newly made therein.