### In re HOPPER.
### No. 4075.

United States District Court
W. D. Kentucky, at Paducah.

Aug. 11, 1948.

Charles McGough, of Princeton, Ky., for Bankrupt.

Lee Cardin, of Princeton, Ky., for defendant.

E. Palmer James, of Paducah, Ky., Referee.

SHELBOURNE, District Judge.

A petitioner, Roscoe V. Hopper, was adjudged bankrupt December 19, 1946. C. R. Baker was elected trustee. Principal assets consisted of a one-half undivided interest in a house and lot in Princeton, Kentucky, appraised in its entirety at $3,200; household furniture appraised at $300; and one 1946 Nash automobile appraised at $1,000.

The house and lot occupied as the homestead by bankrupt and his wife was mortgaged on October 3, 1946, to the Princeton Federal Savings and Loan Association in the principal sum of $1,400. The 1946 Nash automobile was encumbered by a mortgage dated April 27, 1946, and recorded in the County Clerk's Office on December 16, 1946, to secure an indebtedness in the amount of $994.32.

By a petition dated April 1, 1947, the bankrupt disclaimed the house and lot, the household furniture, and the automobile, and in the petition for disclaimer further disclosed that the bankrupt had executed a chattel mortgage on the automobile to Charles E. Hopper, a son, to secure an indebtedness of $3,250 reduced by payment to $1,400, making aggregate encumbrances on the automobile $1,897.16. This last mortgage was recorded August 20, 1946.

By an order entered herein by the Referee on April 16, 1947, the house and lot and the Nash automobile were disclaimed, as petitioned by the trustee, and the household and kitchen furniture referred to in the schedules was set aside to the bankrupt as exempt, Kentucky Revised Statutes 427.-010.

By pleading entitled "Specification of Objections" and sworn to on the 29th of May, 1947, Lee Cardin and McGough Paint and

Wallpaper Store, creditors of the bankrupt, objected to his discharge in bankruptcy. The grounds of objection were that on or about the ——— day of August, 1946, bankrupt "pursuant to his fraudulent intentions to conceal his assets and defeat the claims of his creditores, did exchange an automobile then and there belonging to him and licensed in his name and the title to said automobile being in his name, as evidenced by his Bill of Sale to Mrs. Lavona Sigler and Dewey Sigler, Jr., her husband, and accepted from them in exchange an automobile owned by Mrs. Lavona Sigler, valued at Three Hundred Dollars ($300.00) and had the said automobile placed in the name of said bankrupt's son, Hugh Hopper, when in truth and fact, the said Hugh Hopper had no interest in the said automobile owned by Roscoe V. Hopper."

The objecting creditors prayed that the bankrupt be denied a discharge or, failing in that, that he be required to pay into Court Three Hundred Dollars ($300.00) as the value of the automobile alleged to have been transferred to and concealed in the name of his son.

Minutes of a hearing held by the Referee on Specification of Objections to the discharge appear in the record dated August 12, 1947, in which it is recited that pursuant to notice the hearing was held August 9, 1947, at which the Referee heard testimony of witnesses seeking to prove that the bankrupt had attempted to conceal assets and defraud his creditors by "transferring title of a truck and making various and sundry transactions concerning same". It is recited in the minutes that upon examination of the bankrupt "the Referee did not find evidence sufficient to uphold the Specifications of Objections presented to the Court."

But the minutes state that the bankrupt did fail to explain satisfactorily the diminution of his assets within four months prior to his adjudication as a bankrupt and that hearing was continued to allow the bankrupt sufficient time to satisfy the Court as to his right to a discharge.

On February 11, 1948, the Referee entered an order which is as follows:

"Specifications of objections to the discharge of the above styled bankrupt having been filed pursuant to notice to the creditors on May 31, 1947, by the creditor, Lee Car-din, coming on to be considered by the Court and the Court being sufficiently advised from the said specifications and the hearing had and examination of the bankrupt, does hereby Over Rule the Specifications of Objections of the creditor, Lee Cardin.

"It Is Further Ordered And Adjudged by this Court that the Bankrupt did fail to explain satisfactorily to the Court the diminution of his assets shortly prior to his adjudication in bankruptcy, and further the transfer and encumbrance of his property within the four months preceding his adjudication, and the Court being advised from the hearing conducted pursuant to notice given upon bankrupt's discharge and having continued said hearing from day to day for the purpose of giving the bankrupt an opportunity to satisfy the Court as to his right to a discharge, and the Court from such evidence heard from time to time, and from examination of the bankrupt's record all being considered, It Is Now Ordered And Adjudged that the bankrupt be, and he is hereby denied a discharge in bankruptcy."

Attached to this order is a Memorandum Opinion of the Referee in which it is recited that the Referee was not impressed by the proof offered by the objectors to the discharge but that the Referee on examination of the bankrupt did try to reconcile the diminution of the bankrupt's estate within the four months previous to the filing of the petition in bankruptcy and that the bankrupt was required to file with the court an explanation or statement of his affairs showing the disposition of the funds realized in transactions between August 20, 1946, and extending through September and October of that year.

It is there recited that the bankrupt has failed to satisfactorily explain the diminution of his assets and provided for the entry of the order denying the discharge.

February 15, 1948, minutes were made confirming the decision of the Referee in its order of February 11, 1948, and subsequently on March 2nd the bankrupt by his attorney moved the Referee for a reconsideration of the order denying the discharge and that the bankrupt be permitted to introduce additional proof and exhibits for the further consideration of the court on

the bankrupt's motion for a discharge that motion was denied and on July 2, 1948, the bankrupt filed a petition for review by this Court of the action of the Referee.

It is in this petition alleged that the Referee erred in denying the bankrupt a discharge because the exceptions and specifications set out by the creditors, Lee Cardin and McGough Paint and Wallpaper Store, were found insufficient to authorize a denial of the discharge and because of the action of the Referee in refusing the bankrupt a discharge for reasons not listed by or objections made by the creditors or any creditor.

There is no transcript of the evidence heard by the Referee and no summary thereof, nor does the order of the Referee on the hearing contain his findings of fact or conclusions of law. General Orders in Bankruptcy, Order 47, 11 U.S.C.A. following section 53 is as follows:

"Unless otherwise directed in the order of reference the report of a referee or of a special master shall set forth his findings of fact and conclusions of law, and the judge shall accept his findings of fact unless clearly erroneous. The judge after hearing may adopt the report or may modify it or may reject it in whole or in part or may receive further evidence or may recommit it with instructions."

In re Thurston, D.C. Neb. 1947, 75 F. Supp. 649, 650 concerning General Order number 47, it is said concerning the above quoted section:

"The quoted language * * * is preemptory. Moreover, it has been expressly held to apply to the orders of referees as 'courts of bankruptcy'. * * * the referee has not, in any adequate sense, made and reported findings of fact, or conclusions of law. They should have been made in, or as a separate document underlying, his order * * *. And they clearly were neither made nor reported on that occasion. * * * [Even though] certain facts are not disputed, and that some factual questions are covered by stipulation. They ought, nevertheless, formally to be found."

▮ It, therefore, will be necessary that the Referee make formal findings of fact and conclusions of law. A denial of a discharge on grounds not covered by the specifications is erroneous and the discharge may be denied only on a ground covered by the Specifications of Objections. In re Feinsilver et al., 2 Cir., 24 F.2d 408. In re Green, D.C.N.Y., 50 F.Supp. 630, 631.

An excerpt from the last case may be helpful to the Referee when considering the case hereafter. The Court said:

"In short, without quoting any further passages from Green's testimony, one must reach the conclusion that he gives no consistent story concerning the possession of the car during the period which followed the delivery of the chattel mortgage. In the light of the equivocation and the contradiction, it was made impossible for the objecting creditor to establish the facts in respect to the validity of that chattel mortgage or the ownership of the car."

The petition for review is sustained. The case is remanded to the Referee with directions to permit the objectors and bankrupt, if either desire, to introduce further testimony and to make specific findings of fact and conclusions of law in support of any decision reached by him after said hearing, bearing in mind that only the Specifications of Objections listed by the creditors can be considered on the question of denying bankrupt a discharge.