In re GENTILE et al.

Nos. 15773, 15774.

United States District Court
W. D. Kentucky, Louisville Division.

Sept. 2, 1952.

D. A. Sachs, Jr., Louisville, Ky., for bankrupts.

Henry J. Burt, Jr., Louisville, Ky., for trustee.

Charles E. Keller, Louisville, Ky., for Louise Tyler.

James S. Shaw, Louisville, Ky., for Schmoeller.

MILLER, District Judge.  (Sitting by designation.)

By orders of May 6, 1952, the referee overruled objections of the trustee to the discharge of the bankrupts and granted them a discharge.  The trustee has filed a petition for review of the order in each case.

Although the objections specified five separate grounds, it is only necessary to consider the following two on this review, namely (1) the bankrupt failed to keep or preserve books of account or records from which his financial condition and business transactions might be ascertained, § 14 sub. c of the Bankruptcy Act, § 32, sub. c, Title 11 U.S.C.A. and (2) the bankrupt was a taker of bets upon race horses, generally referred to as a "bookie", although classified in this petition as a "horse broker," and as such was a gambler and a known and adjudged violator of the public policy of Kentucky, as enunciated by Chapters 372 and 436, Kentucky Revised Statutes.

Considering the second ground first, I agree with the Referee's ruling that the fact that the bankrupt is engaged in gambling as his chief occupation does not operate as a bar to his discharge in bankruptcy.  § 14, sub. c of the Act provides that the Court *shall* grant the discharge unless satisfied that the bankrupt has done any one of seven different acts, as therein specified.  Having engaged in gambling, or being a "bookie", or having violated the public policy of the state, are not included among the seven.  The right to a discharge in bankruptcy is liberally construed.  In re Newman, 6 Cir., 126 F.2d 336, 337.  The Court is not authorized to enlarge the grounds specified in the statute.  International Shoe Co. v. Kahn, 4 Cir., 22 F.2d 131, 133.  It appears well settled that an application for discharge must be granted unless it appears that the bankrupt has committed one of the offenses specified in the Act as barring a discharge.  In re Hughes, 2 Cir., 262 F. 500;  Bluthenthal v. Jones, 208 U.S. 64, 66, 28 S.Ct. 192, 52 L.Ed. 390;  In re Masor, 7 Cir., 117 F.2d 368;  Farmers Savings Bank v. Allen, 8 Cir., 41 F.2d 208, 212.

Counsel for the trustee and for creditors who have obtained judgments against the bankrupts for the recovery of money lost to them in their bookmaking operations, vigorously contend that the bankrupts should not be permitted to avoid the payment of such judgments, sanctioned by the statutory law of Kentucky, by obtaining a discharge in bankruptcy.  The foregoing ruling does not adjudicate the enforceability or nonenforceability hereafter of such claims.  Whether such claims are dischargeable in bankruptcy is not involved in this proceeding.  In re Lowe, D.C.W.D.Ky., 36 F.Supp. 772.  There may be other debts in cases of this type, which are not connected with gambling activities, against which a bankrupt gambler has an undoubted right to plead a discharge, and is accordingly entitled to a discharge.

On the issue of the failure to keep adequate books or records, the bankrupts testified that the records prior to 1950 had been

lost in moving or inadvertently thrown away. There was produced two small books, one for 1950 and the other for 1951, some cancelled checks and some bank statements. The Trustee testified that the books showed the net profit or loss from booking horse races by weeks, giving a lump sum amount won or lost for each week, with no breakdown into receipts and disbursements, and with nothing to indicate where the money came from or to whom it was paid. The bankrupts did not supply the names of any customers. Neither the trustee nor the bankrupts were able to testify about the kind of books customarily kept by other people in the same type of business. The trustee and objecting creditors contend that the records produced did not meet the requirements of the statute.

■ The referee based his ruling overruling the objection to the discharge on this ground upon the proposition that there was no competent evidence on behalf of the trustee as to the contents of the two small books reflecting the weekly profit or loss of the bankrupts in 1950 and 1951. He held that the books were available but were not offered in evidence by the trustee; that testimony by the trustee concerning their contents was secondary in nature and not competent; and that in the absence of evidence showing what was contained in the books the Trustee failed to meet the burden of proof requiring him to show that adequate books or records were not kept. The "best evidence" rule is well recognized in Kentucky and in other jurisdictions. Catlin v. Justice, 288 Ky. 270, 276, 156 S.W.2d 107; Drumm-Flato Commission Co. v. Edmission, 208 U.S. 534, 28 S.Ct. 367, 52 L.Ed. 606, cited by the Referee. But it is equally well settled that if incompetent evidence is offered and received without objection, it is legally in the case and entitled to due weight in determining the issues. Cable Piano Co. v. Lewis, Jr., 195 Ky. 666, 668, 243 S.W. 924; Schlemmer v. Buffalo, etc. Ry., 205 U.S. 1, 9, 27 S.Ct. 407, 51 L.Ed. 681. The rule is applicable to secondary evidence received by the Court without ob-

jection. Simmons v. Stern, 8 Cir., 9 F.2d 256, 257, and cases cited therein; Loew Filter Co. v. German American Filter Co., 6 Cir., 164 F. 855, 859; Louisville & N. R. Co. v. Perry Ice & Bottling Co., 226 Ky. 286, 289, 10 S.W.2d 1091; City of Somerset v. Gardiner, 228 Ky. 512, 514, 15 S.W.2d 303; Stern v. Freeman, 4 Metc. (61 Ky.) 309, 315; James v. Langdon, 7 B. Mon. (46 Ky.) 193, 197.

■ In the present proceeding the books were in the hands of the witness and could have been offered in evidence if any objection was taken to his testimony about their contents. No such objection was made and apparently it was conceded that the contents were being correctly described. Counsel for the bankrupts apparently did not raise this point at the hearing, and do not press it on this review. The Referee was not justified in declining to consider the testimony of the Trustee. Metcalf v. United States, 6 Cir., 195 F.2d 213, 216–217.

■ The Referee made no specific finding of fact with respect to the bankrupts' records as described by the Trustee and the bankrupts, and whether they were adequate under all the circumstances of the case. His certificate on Review gives a summary of the testimony of each witness, but in view of his refusal to consider some of this evidence we do not have the necessary findings on the particular point now presented for decision. In re Hill Store, Inc., D.C.N.D. W.Va., 28 F.Supp. 785; Interstate Circuit, Inc. v. United States, 304 U.S. 55, 56, 58 S.Ct. 768, 82 L.Ed. 1146. Under such circumstances the case will be remanded to the Referee for a supplemental report. In re Hopper, D.C.W.D.Ky., 79 F.Supp. 910; In re Turetz, D.C.E.D.Pa., 205 F. 400; In re Hawley Down Draft Furnace Co., D.C.E.D. Pa., 214 F. 500. § 39.25, Collier on Bankruptcy, 14th Ed.

The order is accordingly vacated and the case remanded to the Referee for a supplemental report, with the right on the part of the bankrupts and objectors, if either desire, to introduce additional proof on the question involved.