In the Matter of Harry ZIDOFF,
Bankrupt.

Harry ZIDOFF, Appellant,

v.

SHAW BROTHERS, Appellee.

No. 13647.

United States Court of Appeals
Seventh Circuit.

Nov. 9, 1962.

Sanford J. Green, Chicago, Ill., for appellant.

No appearance for appellee.

Before DUFFY, CASTLE and SWYGERT, Circuit Judges.

DUFFY, Circuit Judge.

Harry Zidoff filed a voluntary petition in bankruptcy on March 27, 1961. He gave his occupation as unemployed salesman. He listed thirty-one unsecured creditors of which twenty-eight were for "loan of money." Included in the latter classification were Shaw Bros. Co., Inc., for $350, and Mr. Ediden, c/o Peoples Currency Exchange, Inc., Evanston, Illinois, for $500.

Nine articles of furniture, including a TV set and a record player, were listed and claimed exempt. The same was true as to a few items of clothing. Bankrupt suggested the value of the furniture was $140, and the clothing $28.

Objections to bankrupt's discharge filed by Shaw Bros. Co., Inc., alleged that five creditors had been omitted from debtor's schedules, viz.: Motorola Finance Corporation (for financing the purchase of a Hi-Fi set); Morris Cowan; First Loop Garage; Nate Schnoll and Jack Rubin. Also, that certain personal property of bankrupt had been concealed, i. e. (a) deep freeze; (b) Hi-Fi; (c) air conditioning unit; (d) wrist watch; and (e) diamond ring.

The objection to discharge also stated that the bankrupt's schedules were false in that the indebtedness to Shaw Bros. Co., Inc. was listed as a loan, whereas a great portion thereof was for merchandise placed in bankrupt's care and custody as a salesman to be used as samples, and that bankrupt had pawned the merchandise and converted the same to his own use. The objection also alleged another indebtedness listed as a loan which was, in fact, the amount due by reason of a bad check which bankrupt had issued.

Peoples Currency Exchange, Inc. also filed objections to the discharge of the bankrupt. The 4th specification in these objections is substantially the same as

the 4th specification in the objections filed by Shaw Bros. Co., Inc.

Referee Chummers entered an order dated October 11, 1961, that objecting creditor, Peoples Currency Exchange, Inc. had sustained Specification 4 of its objection, and that Shaw Bros. Co., Inc., had sustained Specifications 4, 6 (except as to the wrist watch and diamond ring) and 8 of its objection, and that all other Specifications of the objections were overruled. The Referee ordered that the application of the bankrupt for a discharge be denied. A petition for review by the District Court was filed.

Bankrupt moved that the District Court re-refer this case to the Referee for the introduction of additional evidence, or, in the alternative, that leave be granted to introduce additional evidence before the District Court. By order dated November 28, 1961, this motion was denied.

On January 12, 1962, the District Court entered an order that bankrupt's petition for review of the Referee's order denying a discharge in bankruptcy, be dismissed, and that the order of the Referee in Bankruptcy denying bankrupt his discharge, be sustained and confirmed.

Bankrupt was given leave to prosecute the appeal to this Court *in forma pauperis,* and to file a typewritten brief. This has been done. However, our task has been made difficult because neither objecting creditor filed a brief or any other paper or pleading in this Court. No one has appeared here to object to the discharge of the bankrupt.

The rules of this Court do not specifically cover the unusual situation where an appellee does not appear or file a brief. The rules of some of the Courts of Appeal provide that when the appellee fails to appear for oral argument, the Court may proceed to hear the argument of the appellant (Rule 24, Fifth Circuit; Rule 20, Sixth Circuit; Rule 13, Eighth

Circuit), and to give judgment according to the right of the case (Rule 22, Second Circuit; Rule 17, Fourth Circuit; Rule 20, Ninth Circuit; Rule 20, Tenth Circuit; Rule 19, D.C.Circuit). We therefore have carefully examined the entire record before us and proceed to order judgment "according to the right of the case."

The principal basis which bankrupt urges for relief is that his attorney [1] appearing before the Referee gave the bankrupt little, if any, representation. It is apparent that bankrupt's former attorney showed very slight interest in protecting the rights of his client. He offered no testimony on his behalf; he seldom asked any questions of the objecting creditors; he failed to file a brief and proposed findings of fact although the Referee gave him a designated period in which to do so; and when bankrupt revealed that there were errors in his schedules, the attorney neglected to correct or amend same. However, the original petition and schedules appear to have been carefully prepared.

Although the bankrupt designated himself as an unemployed salesman, apparently he gave considerable of his efforts to gambling. Bankrupt estimated his losses at the Chicago area race tracks during the year 1960 to be between $7,500 and $10,000. When examined by creditors, he at first denied he had engaged in any gambling in 1961, but later recalled that in the early part of that year he was at Las Vegas, Nevada, and had sustained losses there of between $300 and $600. However, it has been held that the fact bankrupt had engaged in gambling as his chief occupation, that did not, in itself, bar his discharge. In re Gentile, et al., D.C.W.D.Ky., 107 F.Supp. 476.

We do not have before us a transcript of the evidence taken at any of the hearings before the Referee. Bankrupt's

1. Sanford J. Green of the Chicago Bar represents the bankrupt on this appeal, and also represented him on the petition for review before the District Court. Mr. Green has been diligent in his efforts, and criticism herein of bankrupt's attorney does not, in any way, refer to him.

present counsel assures us that the bankrupt was the only witness at any hearing; that he readily admitted there had been some omissions of items of household furniture and of several creditors, but insisted that this was due to error on the part of his then attorney or resulted from pure oversight.

Bankrupt's present counsel admits that a deep freeze, a Hi-Fi set and an air conditioning unit were omitted from bankrupt's schedules, but says they were of small value. As proof, he points out the Trustee who was appointed did not, for some reason, consider it worth while to take possession of these items and sell them. Counsel argues the Trustee must have believed he could not obtain more than $400 for the articles, and that under the pertinent Illinois statute, $400 worth of personal property was exempt. This argument overlooks the fact that bankrupt already had listed items of furniture and clothing worth $168 which he claimed to be exempt.

Two principles of law with reference to the discharge of bankrupts seem to be somewhat in conflict in this case. It has been held "the right [of a bankrupt] to a discharge is statutory and Section 14 of the Bankruptcy Act must be construed strictly against the objecting creditor and liberally in favor of the bankrupt; and 'it is not so much the acts of the bankrupt that will prevent his discharge, as it is the intent with which he acts.'" In re Pioch, 3 Cir., 235 F.2d 903, 905–906.

On the other hand, it is well established that a discharge in bankruptcy is a privilege and not a right accorded to all bankrupts. In re Tabibian, 2 Cir., 289 F.2d 793. Title 11 U.S.C. § 32, governs the discharge of bankrupts and subsection (c) thereof states various grounds which may be the basis for a denial of discharge.

Furthermore, we have here an order in which the Referee in Bankruptcy denied the discharge of the bankrupt supported by findings that certain specified objections by two objecting creditors are sustained. We must accept these findings unless clearly erroneous. We also have here the order of the District Court confirming the order of the Referee.

We are unable to say that the critical findings of fact made by the Referee are clearly erroneous. It follows that his order denying the discharge of the bankrupt herein was justified, and that the District Court correctly confirmed said order.

Affirmed.